**WEISBERG LAW**
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA 19107
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**

**MILDENBERG LAW FIRM**
Brian R. Mildenberg, Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**

18    4934

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------X

| | |
|---|---|
| DAVID HOPKINS | Civil Action No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| CROTHALL HEALTHCARE, INC. | |
| and | |
| HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA | |
| Defendant. | **Jury Trial Demanded** |

-----------------------------------------------------X

## NATURE OF ACTION

1. Plaintiff, David Hopkins, an employee of Crothall Health brings this lawsuit against his employer, Crothall Healthcare, Inc. (Crothall) and the Hospital of the University of



Pennsylvania, to remedy discrimination based upon his HIV status on the part of Crothall. Crothall subjected Plaintiff to disability discrimination and a hostile and discriminatory work environment in violation of federal law.

## PARTIES

2. Plaintiff, David Hopkins, is an adult individual, residing at 3970 Gateway Drive C4, Philadelphia, Pa 19145. At all times material hereto, Plaintiff was employed by Defendant, Crothall, as a manager of the Environmental Services department at the University of Pennsylvania Hospital. Plaintiff is HIV positive.

3. Defendant, Crothall Healthcare, Inc., is a healthcare company that provides services to healthcare clients in the United States. Crothall services include environmental services, patient transportation, and laundry and linen services. Crothall is headquartered in Wayne, Pennsylvania. Crothall is a subcontractor for University of Pennsylvania Hospital and carries out environmental/janitorial services for the Hospital.

4. Defendant, Hospital of the University of Pennsylvania (HUP) is the flagship hospital of the University of Pennsylvania Health System and is located in the University section of West Philadelphia.

## JURISDICTION AND VENUE

5. Jurisdiction over the matter is conferred upon the Court by 28 U.S.C. § 1331, as the cause of action arises under federal law.

6. Venue lies in this district in that the events giving rise to this claim occurred in this jurisdiction.

## STATEMENT OF FACTS

7. The above paragraphs are incorporated herein by reference.

8. Crothall, discriminated against and wrongfully terminated Plaintiff based upon his HIV status.

9. Plaintiff was employed by Crothall from October 2017 until April 2018 as an operations manager of environmental services. Plaintiff is HIV positive.

10. During his time at Crothall, Plaintiff had a good work record, and never violated any of Crothall's policies.

11. In or around April 2018, Plaintiff was scheduled to work third shift, which runs from approximately midnight until mid-morning. Plaintiff's physician advised that he should not be working all night as it would be detrimental to his health.

12. On or about April 17, 2018, at approximately 2:00 pm Plaintiff presented his supervisor, Letitia, with a doctor's note saying that due to a chronic medical condition and he could not work third shift. Plaintiff's manager asked what his condition was.

13. Reluctantly, as it was confidential and personal information, Plaintiff informed Letitia that he was HIV positive.

14. Letitia told him to go downstairs to the daily meeting and she would address that (his HIV status) later.

15. At approximately 3 pm, one hour later on or about April 17, 2017, Plaintiff was terminated.

16. Plaintiff was told by Letitia that his services at Crothall were no longer needed.

17. Plaintiff was told that the reason for his termination was that he was "asking too many questions."

18. The firing of Plaintiff was pretextual. Plaintiff had a reputable work record, and never violated any Crothall policies. Plaintiff's termination was pretextual for HIV discrimination.

19. Upon information and belief, it is not a coincidence that Plaintiff was fired only one hour after informing his supervisor of his HIV status.

20. Plaintiff alleges that he received disparate and discriminatory treatment based upon the foregoing unlawful factors.

21. Plaintiff has exhausted said remedies after filing with the EEOC and other state agencies and has obtained a right to sue. This action is filed within 90 days of the issuance of Plaintiff's right to sue letter from the EEOC. (See Exhibit A).

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII

22. The above paragraphs are hereby incorporated herein by reference.

23. By committing the foregoing acts of discrimination against Plaintiff,

24. Defendants have violated Title VII.

25. Said violations were done with malice and/or reckless indifference, and warrant the

26. imposition of punitive damages.

27. As a direct and proximate result of Defendants violation of Title VII, Plaintiff has

28. suffered the damages and losses set forth herein and has incurred attorney's fees and

29. costs.

30. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary

31. damages as a result of Defendants discriminatory acts unless and until

32. this Court grants the relief requested herein.

## COUNT II
## ADA VIOLATIONS

33. The foregoing paragraphs are incorporated herein by reference.

34. In addition, and/or in the alternative, the foregoing adverse employment actions taken against Plaintiff constituted retaliation for Plaintiff's lawful requests and exercise of rights under the ADA.

35. The foregoing paragraphs are incorporated herein by reference.

36. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiffs employment.

37. Further, Defendants failed to accommodate Plaintiff's disability or perceived disability and failed to engaged in a constructive, interactive process concerning same.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. The above paragraphs are incorporated herein by reference.

39. The actions of the Defendant, were designed to emotionally harm Plaintiff by causing him to subsist in an overwhelming, intimidating and hostile work environment.

40. The conduct of Crothall was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiff and constitutes despicable conduct, and by reason thereof Plaintiff demands exemplary or punitive damages against Defendants in an amount appropriate to punish Defendants and to deter Defendants and others from such conduct in the future.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

41. The foregoing paragraphs are incorporated herein by reference.

42. The above acts and practices of Defendant constitute unlawful discriminatory property use practices under the Pennsylvania Human Relations Act.

43. As a result of Defendant's discriminatory acts, Plaintiffs have suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants, and Order the following relief:

a. A declaratory judgment declaring that Defendants have illegally discriminated against Plaintiff;

b. Declaring the acts and practices complained of herein are in violation of the ADA 42 U.S.C. Section 12101 et. seq.;

c. Enjoining and permanently restraining the violations of the ADA pursuant to the ADA;

d. Require Defendants to pay all earnings Plaintiff would have received, but for the discriminatory practices, including but not limited to, front and back pay and otherwise lost and future benefits pursuant to the 29 U.S.C. Section 2617;

e. Payment of compensatory and punitive damages, to all Plaintiffs in an amount to be determined at trial; and,

f. An award of Plaintiff's; attorneys' fees and costs of suit as provided by Section 505 of the ADA, 42 U.S.C. Section 12205 and 29 U.S.C. Section 26179(a)(3);

g. Such other relief as this honorable Court deems just and proper.

Respectfully submitted,

BY: */s/ Brian R Mildenberg*
BRIAN R. MILDENBERG, ESQ
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**

DATED: 11-14-18

BY: */s/ Matthew Weisberg*                          BY: *Gary Schafkopf*
MATTHEW B. WEISBERG, ESQ                            GARY SCHAFKOPF, ESQ
WEISBERG LAW                                         SCHAFKOPF LAW, LLC
Attorney ID No. 85570                                Attorney ID No. 83362
7 South Morton Ave. 19070                            11 Bala Ave
Morton, PA                                           Bala Cynwyd, PA 19004
610-690-0801                                         610-664-5200 Ext 104
Fax: 610-690-0880                                    Fax: 888-238-1334
**Attorney for Plaintiff**                           **Attorney for Plaintiff**

DATED: 11-14-18                                      DATED1-14-18

# EXHIBIT A

EEOC Form 161-B (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | David J. Hopkins<br>3970 Gateway Drive<br>Apt C4<br>Philadelphia, PA 19145 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-03591 | **Legal Unit** | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Janice R. Williamson* — 8/21/2018

Jamie R. Williamson,
District Director

*(Date Mailed)*

Enclosures(s)

cc: Bhavin Patel
Senior Corporate Counsel
Compass Group USA
2400 Yorkmont Road
Charlotte, NC 28217

Lisa M. Claire
MILDENBERG LAW GIRM
1735 Market Street
Suite 3750
Philadelphia, PA 19103